**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JESSIE VIVIAN DEPRONIO,**

              **Plaintiff,**                      7:15-cv-231
                                                                (GLS/CFH)

              v.

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,

              **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Law Offices of Kenneth Hiller | KENNETH R. HILLER, ESQ. |
| 6000 N. Bailey Avenue, Suite 1A | |
| Amherst, NY 14226 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | JASON P. PECK |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Jessie Vivian Depronio challenges defendant Commissioner of Social Security's denial of supplemental security income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]  (Compl., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed March 28, 2016, Magistrate Judge Christian F. Hummel recommended the Commissioner's decision be affirmed.  (Dkt. No. 11.)  Pending are Depronio's objections to the R&R.  (Dkt. No. 12.)  For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[2]

On September 20, 2010, Depronio filed an application for SSI under the Social Security Act ("the Act").  (Tr.[3] 70, 167-73.)  After her application was denied, Depronio requested a hearing before an Administrative Law Judge (ALJ), which was held on February 6, 2012.  (*Id.* at 35-63, 98-105,

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) of Title 42 applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Hummel.  (*See generally* Dkt. Nos. 9 at 4-15, 10 at 2, 11 at 2-3.)

[3] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 8.)

106-08.)  On September 27, 2013, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-3, 8-34.)

Depronio commenced the present action by filing a complaint on February 27, 2015, seeking judicial review of the Commissioner's determination.  (Compl.)  After receiving the parties' briefs, Judge Hummel issued an R&R recommending Depronio's motion for a finding of disability be denied and the Commissioner's decision finding no disability be affirmed.  (*See generally* Dkt. No. 11.)

### III.  <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v.*

3

*N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Depronio purports to object to the R&R on three grounds. Specifically, she asserts that Judge Hummel erred in: (1) finding that Depronio's learning disability was properly accounted for in the ALJ's Residual Functional Capacity (RFC) finding; (2) upholding the ALJ's interpretation of the record, which was based on a selective mischaracterized reading of the evidence; and (3) upholding the ALJ's decision to diminish Depronio's credibility based on her abusive relationship. (Dkt. No. 9 at 15-24.) The substance of all three arguments, however, was previously raised in Depronio's brief, and considered and rejected by Judge Hummel. (Compare Dkt. No. 9 at 15-17, 19-24 with Dkt. No. 11 at 8-21, 25-26.) These "objections," therefore, are general and reviewed only for clear error. *See Almonte*, 2006 WL 149049 at *4.

Finding no clear error in the R&R, the court adopts Judge Hummel's R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Christian F. Hummel's March 28, 2016 Report and Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Depronio's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 29, 2016
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge

5